United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Betty Jean Brewer  
       Debtor

Case No. 16-14865-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Randi     Page 1 of 1     Date Rcvd: Oct 09, 2018  
                       Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 11, 2018.  
db           +Betty Jean Brewer,   1538 Powell Street,   Norristown, PA 19401-3336

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                                                                         TOTAL: 0

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 11, 2018                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 9, 2018 at the address(es) listed below:

        EMMANUEL J. ARGENTIERI    on behalf of Creditor   U.S. Bank National Association, as trustee for CVF II Mortgage Loan Trust II bk@rgalegal.com  
        JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com, ecfemails@ph13trustee.com  
        KEVIN M. BUTTERY    on behalf of Creditor   U.S. Bank National Association, as trustee for CVF II Mortgage Loan Trust II bkyefile@rasflaw.com  
        MICHAEL W. GALLAGHER    on behalf of Plaintiff Betty Jean Brewer mwglaw@msn.com, mwglaw1@verizon.net  
        MICHAEL W. GALLAGHER    on behalf of Debtor Betty Jean Brewer mwglaw@msn.com,  mwglaw1@verizon.net  
        REBECCA ANN SOLARZ    on behalf of Creditor   U.S. Bank National Association, as trustee for CVF II Mortgage Loan Trust II bkgroup@kmllawgroup.com  
        United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
        WILLIAM C. MILLER, Esq.     ecfemails@ph13trustee.com,  philaecf@gmail.com  
                                                                                                                                                                  TOTAL: 8

```
                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| **IN RE:Betty Jean Brewer** | : CHAPTER 13 |
| xxx-xx-7432 | : CASE NO. 16-14865-AMC |
| 1538 Powell Street | : |
| Norristown, PA 19401 | : HEARING DATE: 10/9/2018 |
| | : TIME: 10:00 A.M. |
| **Debtor** | : LOCATION: COURT ROOM No. 4 |
| | : United States Bankruptcy Ct. |
| | : 900 Market St., 2nd Floor |
| | : Philadelphia, PA 19107 |

**ORDER GRANTING MOTION FOR LEAVE TO AMEND CHAPTER 13 PLAN AND
ORDER CONFIRMING SAID AMENDED PLAN UNDER CHAPTER 13**

AND NOW, this 9th Day of October, 2018 the Motion of the Debtor for leave to amend her confirmed Chapter 13 Plan is **GRANTED**: the proposed Plan filed with said Motion will be the new proposed Chapter 13 Plan.

**FURTHER ORDERED:**

AND NOW, upon consideration of the Amended Plan submitted by the Debtor under Chapter 13 of Title 11 U.S.C., and it appearing that:

A. A meeting of creditors upon notice pursuant to 11 U.S.C. §341(a) and a confirmation hearing upon notice having been held;

B. The Plan complies with the provisions of 11 U.S.C. §§1322 and 1325 and with other applicable provisions of Title 11 U.S.C.;

C. Any fee, charge or amount required under Chapter 13 of Title 28 or by the Plan, to be paid before confirmation, has been paid;

D. The Plan has been proposed in good faith and not by any means forbidden by law;

E. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount which would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of Title 11 on such date;

F. With respect to each allowed secured claim provided for by the Plan-

(1). the holder of such claim as accepted the plan;

(2) (a) the Plan provides that the holder of such claim retain the lien securing such claim, and

(b) the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claims is not less than the allowed amount of such claim; or

(3) the debtor has agreed to surrender or has surrendered the property securing such claim to such holder of the claim; and

G. The Debtor will be able to make all payments under the Plan and to comply with the Plan;

**WHEREFORE**, it is **ORDERED**

1. that the Amended Plan is **CONFIRMED**

2. that pursuant to 11 U.S.C. 1327 the provisions of the confirmed Plan bind the debtor and each of the creditors of the debtor, whether or not the claim of such creditor is provided for by the plan, and whether or not said creditor has objected to, has accepted or has rejected the Plan; and

3. that all property of the estate, including any income,

earnings, other property which may become a part of the estate during the administration of the case which property is not proposed, or reasonably contemplated, to be distributable to claimants under the plan shall revest in the debtor; provided, however, that no property received by the Trustee for the purpose of distribution under the plan shall revest in the debtor except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the Plan.

BY THE COURT:

_____
Hon. Ashely M. Chan
U.S. Bankruptcy Judge